IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| BRUD ROSSMANN, ESQ., PLEADING AS THE "ANTI ANTI CHRIST", <br><br>  Plaintiff, <br><br> vs. <br><br> MICHAEL POMPEO, *et al.*, <br><br>  Defendants. | CIVIL NO. 17-00539 DKW-KJM <br><br> **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

## **INTRODUCTION**

On October 27, 2017, Plaintiff Brud Rossmann, proceeding pro se, filed a Complaint against numerous federal government employees and private individuals and an Application to proceed *in forma pauperis* ("IFP Application").[1] The Court GRANTS the IFP Application. Rossmann's Complaint, however, is both frivolous and improper. It is a voluminous rant, in which he appears to seek permission to leave the country and to kill the "human scum" by whom he is aggrieved. Because the Complaint fails to include any factual allegations demonstrating that Rossmann's rights have been violated or that he is plausibly entitled to relief from any Defendant, and because amendment would be futile under the circumstances,

---

[1]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

the Court DISMISSES the Complaint without leave to amend.

## DISCUSSION

Although he is an attorney, because Rossmann is proceeding pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

### I. **Plaintiff's IFP Application Is Granted**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940

(9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Rossmann is unemployed, medically disabled, and receives SSI benefits in the amount of $735 per month. Based upon the IFP Application, Rossmann's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Rossmann has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application. Dkt. No. 2.

## II. <u>Plaintiff's Complaint Is Dismissed Without Leave To Amend</u>

Upon review of the Complaint, the Court finds that Rossmann fails to state a

claim upon which relief may be granted. As discussed below, even liberally construed, the frivolous Complaint fails to state any discernible basis for judicial relief.

A. **Standard of Review**

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

**B.     The Complaint Fails To State A Claim For Relief**

Based on the Court's preliminary screening, even given a liberal construction, the Complaint fails to state any sort of cognizable claim against any Defendant.

Moreover, the Complaint is replete with scandalous allegations, which are unrelated to the controversy and unduly prejudicial pursuant to Federal Rule of Civil Procedure 12(f). In light of the Court's finding that Rossmann fails to state a claim under Rule 12(b)(6) and that the allegations are scandalous pursuant to Rule 12(f), the Court concludes that they have been brought in bad faith and for an improper purpose. Amendment, accordingly, would be futile as detailed more fully below.

The essential features of this Complaint, like many of his prior filings, are Rossmann's incoherent grievances against federal agencies and individually named actors,[2] and his strong desire to cause them harm for their perceived infractions against him.[3] The Complaint, however, fails to provide sufficient factual content to

---

[2]The Complaint further names as Defendants "the 'Jews' more generally."
[3]As a preliminary matter, the Court takes judicial notice of the identical complaints that Rossmann filed contemporaneously in several other districts: *Rossmann v. Pompeo, et al.*, 2:17-cv-02254-TLN-GGH (E.D. Cal. Oct. 26, 2017); *Rossmann v. Trump, et al.*, 17-cv-07000 (N.D. Ill. Sept. 28, 2017); *Rossmann v. Patterson et al.*, 2:17-cv-04854-JS-GRB (E.D.N.Y. Oct. 2, 2017) (Am. Compl.). Although the complaints themselves are not identical, he has recently leveled similar allegations in: *Rossmann v. Netanyahu et al.*, 1:17-cv-07802-CM (S.D.N.Y. Oct. 11, 2017); *Rossmann v. Dimon et al.*, 2:17-cv-02570-JAR-GLR (D. Kan. Sept. 29, 2017); *Rossmann v. Ivanov et al.*, 3:17-cv-00785-CWR-LRA (S.D. Miss. Sept. 26, 2017); and *Rossmann v. Monk et al.*, 2:17-cv-00986-LSC-JHE (N.D. Ala. June 12, 2017). Earlier filed actions have similarly been dismissed as frivolous pursuant to an *in forma pauperis* screening. *See, e.g., Rossmann v. Trump*, 2017 WL 4455517, at *3 (S.D. Ohio Oct. 2, 2017) (recommending dismissal with prejudice under 28 U.S.C. § 1915 and describing Rossmann's allegations as "rambling, difficult to decipher, and border[ing] on the delusional"); *Rossmann v. Scaramucci*, 2016 WL 5716878 (E.D. Okla. Oct. 3, 2016) (dismissing with prejudice pursuant to Section 1915 and noting that although the complaint "alleges that Plaintiff was an honors graduate from Harvard Law School and former decorated Trial Attorney of the U.S. Department of Justice[,] Plaintiff's arguments, throughout the Complaint, are completely lacking in legal merit and patently frivolous") (citation and quotation marks omitted); *Rossmann v. Scaramucci*, 2016 WL 6775470, at *4 (E.D. Tex. Oct. 14, 2016) (recommending dismissal without prejudice under Section 1915 because Rossmann's claims describe "fantastic or delusional scenarios"); *Rossmann v. Leader*,

enable the Court to draw the reasonable inference that any Defendant is liable for the misconduct alleged. According to Plaintiff himself—

> Brud Rossmann brings the most unusual and truthful of Complaints for the twisted psychopathology and idiocy of the named and associated Defendants, all skewing Apparatchik 2, and all proven, in agency or as principals, guilty of Brud Rossmann's attempted murder, false imprisonment, extreme torture, implausible impoverishment, unemployability, worse.

Compl. ¶ 15.[4] With respect to the specific relief sought, "Brud Rossmann demands his passport, his past due compensation, and his freedom from this sh*thole—the United States of America, that is." Compl. ¶ 53. He also demands $10,000,000 in compensatory damages, and a court order "or by notice to the President . . . an Executive Order, authorizing Brud Rossmann to lawfully, consistent with common law self defense, to k9989s3e such human scum." Compl. ¶ 36.

The Complaint suffers from several deficiencies. First, the Complaint does not comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so

---

2013 WL 6327823, at *2 n.2 (D.D.C. Dec. 2, 2013) (dismissing Rossmann's complaint for failure to state a claim and noting that case is also subject to dismissal on the basis of frivolousness "because the overwhelming majority of the complaint's factual allegations describe fantastical or delusional scenarios").

[4] Rossmann avers that such "abuses of Brud Rossmann's proceeded especially in the name of the Jew, certain racist African Americans, the apparatchik English, from the beginning, male hating women, c&nts, beyond bitches, and faggots, other LGBT'rs, moronic, closet homicidal fisting faggotry characterizing all." Compl. ¶ 24.

7

confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). As other courts have remarked with respect to Rossmann's pleadings, the Complaint is rambling, verbose, and borders on delusional.

Second, the Complaint fails to state a plausible claim for relief against any party. Rossmann alleges the following specific causes of action: "False imprisonment, false enslavement in perpetuity, worse" and "Attempted Murder, Extreme Torture, Scaled Robbery, Theft, Worse." Compl. ¶¶ 49, 54. Although it purports to allege specific causes of action, the Complaint does not clearly identify in any coherent or organized manner the conduct by any party relating to any particular claim, nor provide specific factual allegations to support his legal conclusions.[5] Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any enumerated claim is based.

---

[5]Rossmann appears to acknowledge the deficiencies in his pleading. *See* Compl. at 33 n.3 ("Because the factual bases for this complaint are so unique, the law so uncertain as to legal elements, specific formulations, toward (a) a protective, order and (b) exodus from the country via passport, (c) protection from subhuman violent, racist supremacist African Americans, Jews, c&nts, faggots, Apparatchik English, etc., Brud Rossmann is forced to plead on precedent not up to the task—*Yick Wo*, *Bivens*, *Korematsu*, the Michigan Law School case, etc. Compare *Ashcroft v. Iqbal*. Accordingly, Brud Rossmann pleads on guidance found in Fourth Circuit precedent defining ANY cause of action in terms of four legal elements as roughly summarized here: (a) duty, obligation (b) breach, violation (c) damages (d) causation. Common sense and much law support such first principles when the law is a muddled mess, or when the facts are so unique as to belie easy formulations, specific pleading of the facts and legal elements as so matched.").

8

Rossmann provides no factual content or context from which the Court may reasonably infer that any Defendant violated his rights. *See Iqbal*, 556 U.S. at 678. In short, the Complaint fails to state a claim and is dismissed on that independent basis.[6]

Third, the Complaint is frivolous, malicious, and appears aimed at harassing the named Defendants.[7] Rule 12(f) allows the Court, upon motion of a party or on its own initiative, to strike "any redundant, immaterial, impertinent or scandalous matter." Large portions of Rossmann's Complaint easily fit into these categories.[8] Given the lack of any factual basis provided for these scurrilous assertions, Rossmann's allegations, in addition to being insufficient under Rule 12(b)(6), are scandalous under Rule 12(f), and have the appearance of being made in bad faith and

---

[6] In light of Rossmann's similar filings in districts nationwide (each complaint bearing a different address within that district) and the numerous court docket entries reflecting that his mail has been returned as undeliverable to those respective courts, the Court questions whether Rossmann, who purports to be homeless and unemployed, actually resides in this district at the address of record listed on the Complaint, whether personal jurisdiction exists, and whether venue in this district is proper.

[7] Rossmann uses the most vulgar and crude language when referencing Defendants' perceived race, religion, country of origin, gender, sexual orientation, or other seemingly random descriptor. *See, e.g.*, Compl. ¶¶ 27–29, 31–33, 38–39, 44–45, 52, 57. Rossmann also states in several places that he would like to kill or harm Defendants or other persons who have wronged him. *See, e.g.*, Compl. ¶¶ 36, 39–40, 45, 49, 52, 58.

[8] "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.... 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Scandalous" allegations include those "that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

for an improper purpose.  *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).   Accordingly, there is no legitimate basis upon which to maintain this Complaint, and the Court finds that there is no purpose to permit Rossmann leave to amend.   Because amendment would be futile, the dismissal is with prejudice.

## **CONCLUSION**

Based upon the foregoing, the IFP Application is GRANTED, and the Complaint is DISMISSED without leave to amend.   The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

Dated: November 7, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Rossmann v. Pompeo, et al.*, Civil No. 17-00539 DKW-KJM; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**